By the Court. Woodruff J.
—-In St. John v. The American Mutual Fire and Marine Insurance company, (1 Dner 311,) the defendants had insured the plaintiff’s property against loss or damage by fire, and, by one of the conditions annexed to the policy, had provided that they would not be liable “ for any loss occasioned by the explosion of a steam boiler, or explosions arising from any other cause.” A steam boiler, in the basement of the building, in the upper stories of which the insured property was contained, exploded; the walls of the building were mostly thrown down, and the fires in the boiler furnace, and in stoves in various parts of the building, were communicated to the frame and wood work of the building, and the insured property was burned. It was held, in this court, that the insurers were not liable for the loss, and that decision was affirmed in the court of last resort. (1 Kern. 11 N. Y. R. 516.) Unless some discrimination, operating in favor of the plaintiff, can be made, which shall distinguish the present case from the one referred to, this case was correctly decided and the judgment must be affirmed.
To our minds, whatever differences exist between the two cases, are strongly and decidedly favorable to the defendants’ claim to exoneration.
It is not and cannot be denied, that the contract of insurance, like every other contract fairly and voluntarily made, is to be construed according to the plain and natural import of its language; nor that it is entirely competent for the parties to agree to any terms and conditions defining, limiting or apportioning the risk, which they may think proper, or for their interest respectively.
When, therefore, the insurers consented to give to the plaintiff an indemnity against loss by fire, it was entirely competent for them, as a part of the contract, to define affirmatively the causes of fire, the consequences of which *390 they would be responsible for, and to exclude fires arising from other causes, declaring that for the consequences of such fires they would not be responsible. In one form or another, this discrimination probably enters into every contract of insurance customarily made, and the varying premiums upon fire risks are adapted to the varying hazards assumed, while there are some causes of loss by fire which are rarely assumed at all by insurers.
In the present case, the defendants, in the very body of their policy, have declared—and the other party to the contract must be taken to have conseúted, by accepting the policy—that the defendants “ shall not be liable to make good any loss or damage by fire which shall happen or arise by any explosion.” These terms are too plain to admit of doubt respecting their meaning; they create an exception to the general language of the previous clause, by which •they promise to make good such loss or damage as shall be occasioned by fire to the property insured. It is as if the company had said, we will make good to you any loss which you may sustain to your building, goods, machinery, fixtures and steam engine, by fire, unless the fire is caused by the explosion of the boiler, or some other explosion.
Had this company, in another department of their business, insured the life of the plaintiff, and provided that they would not be responsible if he was drowned by being wrecked when on a voyage at sea, there would be no doubt, we apprehend, of the validity and full effect of the exception.
The terms “ any explosion ” are comprehensive enough to embrace every kind of explosion; and in a policy which covers property in a building containing a steam boiler, and even covers the steam engine itself, would seem to be used with necessary and primary reference to the liability of the boiler to explosion, though not with such exclusive reference to that as to leave them liable for fires caused by other explosions.
It was argued that the very circumstance here mentioned, viz., that the steam engine was insured, created an *391 inconsistency in the policy itself, and therefore the subject of insurance, viz., the steam engine being named in writing, the exception, which was a printed portion of the policy, must* be disregarded. That, by insuring a steam engine against fire, the defendants necessarily assume the risk of a fire arising from the explosion thereof, and that an exception of fire arising from explosion is so repugnant to the defendants’ undertaking, that it must be rejected.
No such repugnancy exists. Fires arising in many ways might occur, and by the destruction of the building and property therein, so far injure the steam engine as to render it worthless except for the materials therein which were not consumed. As above suggested, the exception is simply saying, if the cause of the fire be the explosion of your steam boiler, we shall not be bound to make good the loss; and the plaintiff is to be deemed to say, as to the hazard of fire arising from that cause, I will bear that risk. So an insurer of life may insure the specific life generally, for a term of years, but provide that he shall not be liable if the insured die by violence, or by a particular -specified disease or epidemic. This would create no repugnancy. The cases relied upon, Harper v. Albany Ins. Co, (17 N. Y. R. 194,) and Bryant v. The Poughkeepsie Mutual Ins. Co., (Id. 200,) do not appear to us in any degree to conflict with these views. They hold that an insurance of a particular trade or business ex vi termini, imports a license to use those articles which are necessary or customary in that trade or business, for the usual and customary purposes thereof, and therefore, that when such an insurance is made, the prohibition of the use of those articles must be referred to the use of them for other purposes than such as are embraced within that license, and to the like effect is Harper v. The City Ins. Co, in this court, (1 Bosw. 520.) In the present case, it is expressly conceded to the plaintiffs that they may use a steam engine, but agreed that if the boiler explode and fire be caused thereby, the loss shall not be within the insurance. All parts of the policy are in harmony.
*392 To recur then to the case of St. John v. The American Mutual Ins. Co., above cited : In that case, the words of the condition under which the defendants were protected, were that the company would not be liable “for a loss occasioned ~by the explosion,” &o., and the subject of contention was, whether this exempted the company from liability for a loss by a fire which was caused by the explosion. It was argued that the insurer was liable for all damage sustained by fire, however the fire was caused. That the fire, and not the explosion, was the immediate cause of the loss, and that the exemption was only from a liability for a loss sustained by the mere force of the explosion. And this appears to have been the whole ground of contest, and this was the view taken by Mr. Justice Gardiner in his dissenting opinion. He insisted that the fire was the proximate, and the explosion the remote cause of loss, and for the immediate cause of loss, the defendants were liable. But the other judges of the Court of Appeals held, as this court had held, that the clause ought to be construed as if the words had excepted a liability for “ a loss by a fire occasioned by the explosion,” while at the same time its greater generality would make it include any injury from explosion.
Now, in the case before us, as if the parties had before their minds the very doubt which led to the litigation in that case, they have employed, to describe the exception, the very terms which, by construction, that policy was finally determined to include, viz., “ any loss or damage by fire which shall arise or happen by any explosion,” and this in the very body of the policy itself.
They did even more than this; they further declared, in the body of the policy, that the agreement to indemnify was subject to the conditions and stipulations indorsed thereon which constitute the basis of the insurance ; and, in one of those conditions, they declare that the company will not be answerable “ for loss or damage by explosion of any kind.” They have in the condition the very words which were held to exonerate the defendants in the case referred to; and they have, in the body itself, adopted a *393 form of exception which removes the only'doubt which existed in that case. And, to prevent any pretence of a design to entrap the insured by obscure conditions, they have indorsed on the policy a notice cautioning him to read both the policy and its conditions.
It is suggested, that in the case last mentioned, the steam engine .was in the basement of the building, and was not covered by the policy. That may be true, but we are not able to see that that affects the question more favorably to the plaintiff. On the contrary, we have already said that to our minds, the fact that the engine in the case before us was insured, subject to the exception, would rather indicate that the company did not intend to protect the engine itself, nor any other property, against the consequences of the explosion of its boiler; and that the insured bore that risk himself, whether it caused fire or did other mischief.
We are unable to form any other conclusion, than that this case is fully within the case of St. John v. The Am. Mut. Ins. Co., and were we to dispose of the case uninfluenced by that decision, we must still say that the defendants are protected by the exception in the body of the policy, and the condition annexed thereto, from any liability.
The judgment should be affirmed.
Judgment affirmed, with costs.